UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 04-80567



ULICE GILLARD, on his own
behalf and others similarly situated,

    Plaintiff,

v.

FPL GROUP, INC.,
a Florida corporation,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff, ULICE GILLARD, (hereinafter referred to as "Plaintiff"), was an employee of Defendant, FPL GROUP, INC. (hereinafter "Defendant" or "FPL"), a Florida corporation, and brings this action on behalf of himself and other current employees and former employees of Defendant similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b). Plaintiff performed troubleshooting work and related activities primarily in Palm Beach County, Martin County, St. Lucie County and Orange County, Florida, although Plaintiff also performed work in Miami-Dade County, Broward County and other counties in central and northeast Florida.

2. Defendant, FPL, is a Florida corporation that owns and operates a business

throughout the state of Florida, including Palm Beach County, Martin County, St. Lucie County and Orange County, Florida and is within the jurisdiction of this Court.

3. This action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. §216 (b) (the Act).

4. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendant, FPL, was engaged in interstate commerce or in the production of goods for commerce as defined §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff, himself, was individually engaged in interstate commerce. The annual gross sales volume of Defendant, FPL, was in excess of $500,000.00 per annum.

5. The additional persons who may become Plaintiffs in this action are troubleshooters who held non-exempt positions and who worked in excess of forty (40) hours during one or more work weeks on or after June 2001.

6. At all time pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. §201-209 in that Plaintiff and those similarly situated to Plaintiff performed services for Defendant for which Defendant failed to properly pay Plaintiff for those hours worked in excess of forty within a work week, in that

Defendant only paid straight time for the overtime hours worked by Plaintiff and the similarly situated employees.

7. Plaintiff's employment with Defendant provided for compensation at a salary basis. Defendant failed to pay time and a half wages for overtime hours worked. Defendant only paid straight time for the overtime hours worked by Plaintiff and the similarly situated employees.

8. In the course of employment with Defendant, Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

9. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendant.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

10. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 9 above.

11. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime

hour they worked and were not properly paid.

12. By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorney's fees.

13. As a result of Defendant's willful violation of the Act, all Plaintiffs (Plaintiff and those similarly situated to him) are entitled to liquidated damages.

14. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff and those similarly situated to him who have or will opt into this action, demand judgment against Defendant, FPL GROUP, INC., for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

DATED this 17 day of June, 2004.

SHAVITZ LAW GROUP, INC.
2000 Glades Road, Suite 200
Boca Raton, FL 33431
Tel: 561-447-8888
Fax: 561-447-8831
E-mail: gshavitz@shavitzlaw.com

GREGG I. SHAVITZ
Fl. Bar No.: 11398

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS:** Vince Gillard on his own behalf and others similarly situated,

**DEFENDANTS:** FPL Group, Inc., a Florida corporation,

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF:** St. Lucie
(EXCEPT IN U.S. PLAINTIFF CASES)

561-447-8888

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:** Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER):**
Shavitz Law Group
2000 Glades Road, Suite 200
Boca Raton, FL 33431

**ATTORNEYS (IF KNOWN):**

04-80567 CIV-RYSKAMP
MAGISTRATE V

CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

[Nature of suit selection: ☒ 710 Fair Labor Standards Act]

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. § 216(b) Action for unpaid overtime wages

LENGTH OF TRIAL: 5 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY:
JUDGE: _____  DOCKET NUMBER: _____

DATE: 6/17/04
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT #_____ AMOUNT $150 APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____